**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Payment Systems LLC,<br><br>  Plaintiff,<br><br>v.<br><br>BSR Acquisition Company LLC,<br><br>  Defendant. | No. CV-21-00666-PHX-JJT<br><br>**ORDER** |

At issue are Plaintiff's Motions to File Documents under Seal (Docs. 47, 50) and Defendant's Motion to File Documents under Seal (Doc. 53). Additionally, Plaintiff has lodged under seal a First Amended Proposed Findings of Fact and Conclusions of Law (Doc. 48), and the Court already entered an Order (Doc. 39) granting Plaintiff's Motion (Doc. 33) to file under seal the Proposed Findings of Fact and Conclusions of Law.

In the Ninth Circuit, courts "start with a strong presumption in favor of access to court records." *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). "In order to overcome this strong presumption, a party seeking to seal a judicial record must articulate justifications for sealing that outweigh the historical right of access and the public policies favoring disclosure." *Kamakana v. City & Cty. of Honolulu*, 447 F.3d 1172, 1178–79 (9th Cir. 2006). Where a document is "more than tangentially related to the merits" of a case, the party seeking to seal the document must demonstrate "compelling reasons to keep the documents under seal." *Ctr. for Auto Safety*, 809 F.3d at 1103.

Plaintiff has provided sufficient compelling reasons to file under seal the Opposition to Defendant's Motion to Strike Declaration of Stephen J. Scherf (lodged under seal at Doc. 51), and Motion for Relief Regarding Defendant's Inability to Pay on a Judgment (lodged under seal at Doc. 52). Likewise, Defendant has provided sufficient compelling reasons to file under seal the Reply in Support of its Motion to Strike (lodged under seal at Doc. 54). Specifically, the parties have stated that the subject documents contain confidential business and financial data, the disclosure of which could harm the parties' competitive standing. *See Kamakana*, 447 F.3d at 1179. Moreover, the Court takes into account the expedited nature of the subject briefing in conjunction with Plaintiff's Motion for Temporary Restraining Order.

**IT IS THEREFORE ORDERED** granting Plaintiff's Motions to File Documents under Seal (Docs. 47, 50).

**IT IS FURTHER ORDERED** granting Defendant's Motion to File Documents under Seal (Doc. 53).

**IT IS FURTHER ORDERED** that the Court will permit Plaintiff to file under seal its First Amended Proposed Findings of Fact and Conclusions of Law (Doc. 48) based on the Court's reasoning in its prior Order (Doc. 39).

**IT IS FURTHER ORDERED** that the Clerk of Court shall file under seal the documents presently lodged under seal at Docs. 48, 51, 52, and 54.

Dated this 7th day of May, 2021.

Honorable John J. Tuchi
United States District Judge